## CRAIGHEAD et al. v. HYNES, Tutor, et al.

Under the late judicial system, courts of Probate had jurisdiction, in all suits for partitions in which minors were concerned. Sec. 14 of art. 924 of the Code of Practice, is not confined to the partition of successions.

APPEAL from the Court of Probates for Iberville, *Dutton*, J. This was an action for the partition of lands and slaves, in which certain minors were interested.

*W. E. Edwards* and *L. Peirce*, for the plaintiff.

*Labauve*, for the appellant. The Court of Probates had no jurisdiction *ratione materiæ*. Code Pract. art. 924, nos. 14, 15. La. 33. Consent of parties could not give such jurisdiction. Code Pract. art. 92. 11 Robinson 77. The disposition of art. 924, no. 14, refers altogether to property belonging to successions, and not to property held in common otherwise. Nothing here shows that the property in question, belongs to a succession. The Court of Probates was of limited jurisdiction, and could take cognisance of no case not determined by law. Code Pract. art. 925.

The judgment of the court was pronounced by

EUSTIS, C. J. This is an appeal from a judgment of partition of a plantation and slaves, in which minors were interested, rendered by the late Court of Probates of Iberville. By section 14th of article 924 of the Code of Practice, courts of Probate had power " to ordain and regulate all partitions of successions, in which minors, interdicted or absent persons are interested, or *even those which are made by the authority of law, between persons of lawful age and*

*residing* in the State, when such persons cannot agree upon the partition and the mode of making it."

By a subsequent act, jurisdiction in partitions was given to the District courts.

Our impression is, that under the latter clause of the above section, courts of Probate had jurisdiction in cases of partitions, in which minors were interested. There is an expression in an opinion given by the late Supreme Court in the case of *Gordon et al.* v. *Dick et al.*, 15 La. 37, which implies a different construction of this clause; but as it was given aa an *obiter dictum*, and not as deciding the cause, we do not feel ourselves bound to adopt it.    *Judgment affirmed.*[*]

CRAIGHEAD<br>v.<br>HYNES.

---

[*] The District Courts had jurisdiction of all cases. This was the general rule; and cases taken away from their cognisance, formed exceptions to that general rule. It is for the plaintiffs to show that their case came within these oxceptions, and was cognizable before the Probate Court. The question is to be tested bv the proper interpretation of art. 924, no. 14 of the Code of Practice. The first part of that article declares, that the Probate courts shall have exclusive power " to ordain and regulate all partitions *of successions*, in which minors, interdicted or absent persons, are interested." This paragraph comprises the partitions of *successions*, and amounts to an exclusion of all ether kinds of property held otherwise than by inheritance. *Inclusio unius, exclusio est alterius.*

The second branch of the sentence is in these words: " Or even those which are made by authority of law, between persons of lawful age and residing in the State, when such persons cannot agree upon the partition and the mode of making it."

This article, contemplating all the time the partition of successions, comprises, in the second paragraph, a case that is omitted in the first. The partition of successions is the sole object of the article. The first part provides for cases where minors, &c., are interested; the second, where persons are of full age. The whole article includes all partitions of successions and nothing more ; and the construction given to the law, by the late Supreme Court, although an *obiter dictum*, is correct.

When a succession is devolved upon persons of full age, they may agree as to the mode of partition. Civil Code, art. 1245. But if there are minors, &c., or if all the heirs, though of age, do not agree. the partition must be judicial. Civil Code, art. 1246.

The words of art. 924, no. 14 of the Code of Practice, are taken almost *verbatim* from art. 1246 of the Civil Code, which relates to the participation of successions.

*Rehearing refused.*